No.   90-306

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

KENNETH P. SCOTT,

      Plaintiff and Appellant,

  -v-

STATE OF MONTANA,

      Defendant and Respondent.

APPEAL FROM:  District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Edward K. Duckworth, Ronan, Montana

      For Respondent:

      Marc Racicot, Attorney General
Norman J. Peterson; Asst. Atty. General; Agency
Legal Services Bureau; Helena, Montana

**FILED**

JAN 24 1991

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   December 13, 1990

Decided: January 24, 1991

_____
Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The plaintiff, Deputy Sheriff Kenneth P. Scott, appeals the order of the Montana Twentieth Judicial District Court, Lake County, granting summary judgment to the defendant State of Montana on Scott's personal injury claim on the grounds of the fellow servant rule and thereby limiting Scott's remedies to worker's compensation benefits. We affirm. Scott now appeals raising the following issue:

Did the District Court err in granting summary judgment to the State on the grounds that its employee, Highway Patrolman Mike Roth, was by operation of law acting as a fellow servant of Deputy Scott when he injured him?

The undisputed facts are that on December 10, 1987, Scott, in his capacity as a Lake County Deputy Sheriff, received a call from the sheriff's office dispatcher reporting a prowler at the Polson Auto Salvage on Highway 93 south of Polson. As Scott was preparing to leave the cafe where he had been taking a break with Highway Patrolmen Mike Roth and Ray Brander, he asked Roth to back him up. Upon arriving at the salvage yard, Scott slowed down to make a right turn into the yard, and the vehicle driven by Roth ran into the rear of Scott's vehicle, injuring him. Roth admits his negligence in operating the patrol car when he rear-ended Scott.

Scott filed a complaint and demand for jury trial against the State on November 18, 1988. Subsequently, on April 10, 1990, Scott filed his motion for summary judgment on the issue of liability. The State filed its similar motion the following day, alleging that

1

Patrolman Roth was the fellow servant of Deputy Scott at the time of the collision, and that Scott's exclusive remedy was worker's compensation benefits. On May 15, 1990, the District Court entered its order denying the plaintiff's motion for summary judgment on liability and granting summary judgment for the State. Scott now appeals only that portion of the order granting summary judgment to the State.

Scott contends that the District Court's order granting summary judgment to the State abrogates his constitutional right to sue a third party for injury incurred in employment. We disagree. Article II, Section 16 of the Montana Constitution provides that no person shall be deprived of his right of access to the courts and remedy for injury "except as to fellow employees and his immediate employer who hired him if such immediate employer provides coverage under the Workmen's Compensation Laws of this state." Here, Scott seeks redress in addition to worker's compensation benefits from Roth as a third party and from Roth's employer the State of Montana under the theory of respondeat superior. The plain language of the Constitution provides such recovery can be denied if Roth is Scott's fellow employee. In this regard, § 44-11-101, MCA, as amended, provides in pertinent part:

> **44-11-101. Mutual assistance authorized--powers and duties of assisting officers.** A peace officer or any law enforcement entity of any county or municipality or a state government law enforcement entity may request the assistance of a peace officer from another law enforcement entity within the state of Montana. A peace officer, while in the jurisdiction of the requesting officer or entity and while on such request for assistance, has the same powers, duties, rights, privileges, and immunities as a peace officer of the

requesting entity <u>and is under the authority of the requesting officer or entity</u>. (Emphasis added.)

The underscored language was added in a 1985 amendment. Under the plain language of this statute, Roth is entitled to the same immunities as a Lake County deputy sheriff and was acting under the authority of Scott or the Lake County Sheriff's Department. Thus, by operation of this statute, Roth was acting as a fellow servant of Scott when he injured Scott.

The case of Garcia v. City of South Tucson (Ariz. 1981), 640 P.2d 1117, cited by Scott as persuasive, differs from the case here in several important respects. In <u>Garcia</u>, a mutual assistance agreement provided that the control given the requesting police department was limited to directing the assisting police department to a place where it was needed and neither the requesting department nor the assisting department had the right to control the forces of the other in any other respect. The court held that a joint venture did not arise when the assisting department rendered aid to the requesting department by virtue of such agreement. Thus, worker's compensation was not the sole remedy of an assisting officer who was shot in the back by a member of the requesting department while trying to flush a gunman out of a residence. Here, the situation is controlled by statute rather than agreement. Such statute specifically gives authority to the requesting agency over the assisting officer and specifically provides the assisting officer with the same immunities granted an employee of that entity, in this case the immunity of the fellow servant rule.

3

Furthermore, plaintiff's argument that § 44-11-101, MCA, only applies if an officer is assisting in <u>another</u> jurisdiction also is misplaced. The statute makes no reference to the situation where there is concurrent jurisdiction; it simply gives authority to the requesting officer while the assisting officer acts upon his request and within the requesting officer's jurisdiction. And finally, Scott's contention that the State's voluntary payment to Lake County for the damage to Scott's patrol car constitutes a waiver, is without merit. The uncontested facts as shown by the affidavit of John Maynard, the administrator of the State's tort claims division, show that the payment was merely made in the interest of maintaining the mutual assistance relationship between the State and Lake County; it was not intended to relinquish the State's defenses from suit.

In light of the above discussion, and there being no disputed material fact issues, the order of the District Court granting summary judgment to defendant is

**AFFIRMED.**

We Concur:

_____
Justice

_____
_____
_____
_____
Justices

4